**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**FILED**

**February 19, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**Orban H. Schlatman, Jr.,**
**Petitioner Below, Petitioner**

**vs)      No. 15-0326** (Fayette County 15-C-27)

**Marvin Plumley, Warden, Huttonsville**
**Correctional Center,**
**Respondent Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Orban H. Schlatman, Jr., pro se, appeals the March 12, 2015, order of the Circuit Court of Fayette County denying his petition for a writ of habeas corpus. Respondent Marvin Plumley, Warden, Huttonsville Correctional Center, by counsel Laura Young, filed a summary response, and petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Through the filing of a criminal complaint on July 16, 2009, the State charged the petitioner[1] with the sexual assault of A.L.M.[2] Detective G.A. Chapman of the Fayette County Sheriff's Department received a complaint from A.L.M.'s mother on June 24, 2009, who claimed that A.L.M., who was then sixteen years old, disclosed during a counseling session that she had

---

[1]Petitioner was forty-eight years old at the time.

[2]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *In re Jeffrey R.L.*, 190 W.Va. 24, 435 S.E.2d 162 (1993); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

1

been sexually assaulted by petitioner. According to A.L.M., petitioner stopped by her school bus stop on the morning of April 10, 2009. Because it was raining, A.L.M. accepted petitioner's offer to give her a ride to school. Instead of taking A.L.M. directly to school, petitioner drove to an area where there were abandoned Broughton milk trailers. Sensing something was amiss, A.L.M. exited the stopped vehicle and ran into one of the trailers. Because there was no lock on the trailer door, petitioner was able to follow A.L.M. into the trailer. According to A.L.M., petitioner pushed her to the floor, removed both her pants and her underwear, and sexually assaulted her. Following the assault, A.L.M. got dressed. Petitioner instructed A.L.M. to get back into his vehicle, and he then drove her to school. A.L.M. later explained that she did not immediately report the incident because she was afraid that no one would believe her. After the date of the sexual assault, A.L.M. indicated that she did not see petitioner again.

When petitioner was questioned by the police, he acknowledged that he knew A.L.M. Petitioner claimed that the sexual act that transpired on the date in question was consensual. Subsequently, petitioner was indicted for second-degree sexual assault, and the case proceeded to trial on April 20, 2010. Following trial, a jury convicted petitioner of the offense, and petitioner was sentenced to an indeterminate term of not less than ten nor more than twenty-five years of incarceration and to thirty years of supervised release. Petitioner appealed his conviction in *State v. Schlatman*, 233 W.Va. 84, 87, 755 S.E.2d 1, 4 (2014), on the grounds that: (1) petitioner's right to compulsory process guaranteed by the Sixth Amendment to the United States Constitution was violated because he was denied the right to compel an alibi witness to testify on his behalf; and (2) petitioner was wrongly denied the right to inspect the victim's medical and psychological records. This Court rejected petitioner's assignments of error and affirmed his conviction. *Id.*, at 87-91, 755 S.E.2d at 4-8.

On January 28, 2015, petitioner filed a petition for a writ of habeas corpus alleging that his trial counsel provided ineffective assistance and that the State failed to produce exculpatory evidence.[3] The circuit court found that petitioner's grounds for relief were without merit and denied his habeas petition by an order entered on March 12, 2015.

Petitioner now appeals the circuit court's March 12, 2015, order denying his habeas petition. We apply the following standard of review in habeas appeals:

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 418, 633 S.E.2d 771, 772 (2006). In West Virginia,

---

[3]Petitioner initially filed his habeas petition in the Circuit Court of Randolph County, the location of Huttonsville Correctional Center. The Randolph County court transferred the petition to the Circuit Court of Fayette County, the location of the underlying criminal case.

claims of ineffective assistance of counsel are governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668 (1984): (1) counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Syl. Pt. 5, *State v. Miller*, 194 W.Va. 3, 6, 459 S.E.2d 114, 117 (1995).

On appeal, petitioner asserts that trial counsel was ineffective (a) by not challenging the State representations that it did not possess exculpatory evidence;[4] (b) by not providing petitioner certain files pertaining to his criminal case that might have contained exculpatory evidence; (c) by not objecting to the circuit court's refusal to allow the testimony of his alibi witness; and (d) by not objecting to certain testimony by Detective Chapman. We address these contentions seriatim.

As for petitioner's first two claims regarding the alleged existence of exculpatory evidence, we noted in *Schlatman* that the circuit court entered an order in petitioner's criminal case directing that "[the] psychiatric, psychological and/or medical records of the alleged victim will not be disclosed to any person not an attorney involved in this case." 233 W.Va. at 90, 755 S.E.2d at 7. Thus, it did not constitute ineffective assistance for counsel to refuse to divulge to petitioner information not deemed exculpatory. We determined in *Schlatman* that the circuit court "adhered to the procedures established in [*State v.*] *Roy*, [194 W.Va. 276, 460 S.E.2d 277 (1995),] for examining whether the privileged medical and psychological records of a victim should be subject to disclosure." *Id.* We noted the obligation to uphold the law imposed on both the prosecutor as an officer of the court—as well as on the circuit court in conducting its independent review of the subject records—and concluded that "the documents at issue did not contain information that would have assisted [petitioner] in the defense of his case." *Id.* Therefore, we find that both petitioner's allegation that counsel failed to disclose to him relevant information and his underlying contention that the State failed to produce exculpatory evidence lack merit because we previously and finally adjudicated these issues in *Schlatman*.

In *Schlatman*, we also adjudicated petitioner's contention that the circuit court erred in refusing to allow his alibi witness to testify at trial and determined that there was no abuse of discretion. *Id.* at 89, 755 S.E.2d at 6. We explained that petitioner failed to prove the relevance or reliability of the alibi witness's proffered testimony.[5] *Id.* Because the issue regarding petitioner's alibi witness was resolved in *Schlatman*, we determine that the circuit court did not err in finding that "[the] issue is not one which can now be used in support of a claim of ineffective assistance of

---

[4]Petitioner no longer argues an alleged failure by the State to produce exculpatory evidence as a separate issue, but includes it in his assertion that there was ineffective assistance of counsel.

[5]While two illegible time cards were submitted as part of the record, there was no testimony adduced at trial that petitioner's alibi witness reported for work on the date in question. *Id.* at 89 n. 17, 755 S.E.2d at 6 n. 17. Also, because the proffer of the witness's testimony was consistent with his original statement that he had no specific recall of the date of the alleged assault, no additional details appeared to have surfaced during pre-trial questioning. *Id.* at 89 n. 18, 755 S.E.2d at 6 n. 18.

counsel."

Finally, we agree with respondent that, far from objecting to Detective Chapman's testimony about what he did not do as part of his investigation, petitioner's counsel made a strategic decision to elicit that testimony to support petitioner's contention that the police engaged in a rush to judgment. "In reviewing counsel's performance, courts must apply an objective standard and determine whether, in light of all the circumstances, the identified acts or omissions were outside the broad range of professionally competent assistance *while at the same time refraining from engaging in hindsight or second-guessing of trial counsel's strategic decisions.*" Syl. Pt. 6, in part, *Miller*, 194 W.Va. at 6-7, 459 S.E.2d at 117-18 (emphasis added). Therefore, we conclude that the circuit court did not err in also rejecting this claim and did not abuse its discretion in denying petitioner's habeas petition.

For the foregoing reasons, we affirm the circuit court's March 12, 2015, order denying petitioner's petition for a writ of habeas corpus.

Affirmed.

**ISSUED:** February 19, 2016

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

4